## CLAIM OF TITLE THROUGH INNOCENT PURCHASE.

Court of Appeals for Hamilton County.

PHILA HAY v. FREDERICKA LEISER.*

Decided, January, 1915.

*Indefinite Description—Does Not Bar a Claim of Title—Where the Public Records Afford Notice of Plaintiff's Rights.*

A claim of title as an innocent purchaser of property at a public sale can not be based on the indefinite description contained in the deeds through which plaintiff asserts his claim, where the public records, plats and indexes pertaining to the parcel in controversy were sufficient to serve as notice of the rights of the plaintiff therein.

*C. B. Matthews* and *Harry T. Klein,* for plaintiff.
*August H. Bode, Jr.,* and *Mitchell Wilby,* contra.

PER CURIAM (JONES [E. H.], SWING and JONES [Oliver B.], JJ.)

The claim of the defendant in this case is that she bought the property in question at a public sale, and that by reason of indefinite description in the deeds through which plaintiff claimed title she, the defendant, was an innocent purchaser of the property. The plaintiff, on the other hand, claims title and asks to have her title quieted.

We have carefully examined the evidence and considered the able briefs and arguments of counsel, and conclude that the public records, plats and indexes pertaining to the lot in question were sufficient to serve as notice to Mrs. Leiser of the rights of plaintiff in the lot in controversy. While the original deed for this lot to the trustees of the church did not definitely locate it, the fact that its boundaries were fixed, probably during the lifetime of John Brooks and certainly during the lifetime of Daniel Brooks, his son, and the church built thereon and occupied as such, and the entire lot fenced, fixed definitely the lines

---

*Affirmed by the Supreme Court without opinion, November 9, 1915.

of the lot, which have been ascertainable ever since. Possession thereof is shown by plaintiff and her predecessors in title to such an extent that while the deed to Mrs. Leiser was of the entire tract, including this lot, still, as stated above, there was no reason why the defendant purchaser at the sale should have been misled. We think, moreover, that it is shown by a preponderance of the evidence that at the time of the auction sale it was announced that the sale was made subject to the reservation of the church lot. A decree will therefore be entered granting the prayer of plaintiff's petition.